STATE v. STEPHEN M. GODFREY.

*Injury to Live Stock—Construction of Statutes.*

1. In order to complete the offence of injury to live stock, it is not necessary that the offence should be consummated within the enclosure not surrounded by a lawful fence, for if it is begun therein and completed outside of such enclosure, the offence is complete.

2. So, where the defendant set his dogs on a cow who was in a field not surrounded by a lawful fence, and the dogs chased and worried her both within the field and also outside of it; *It was held,* that the defendant was not entitled to an instruction to the jury that unless the cow was injured in the field he would not be guilty.

3. If in such case, the cow had been gently driven out of the field, and then the injury inflicted, the case would be different.

4. While criminal statutes must be strictly construed, yet they must be construed so as to give effect to their plain meaning when this appears.

INDICTMENT for injury to live stock, tried before *Shipp, Judge,* and a jury, at Fall Term, 1886, of HERTFORD Superior Court.

On the trial, the evidence was, that the cow charged in the indictment to have been injured, was in the field of the defendant, which was not enclosed by a lawful fence five feet high; that the defendant set his three dogs at the cow to drive her out; that the dogs chased her through the field, and bit her legs; that she went into the road, followed by

the dogs, and while in the road, the defendant took the largest dog off the cow, while he was biting her on the fore leg; the ear was badly bitten and torn, and the fore leg injured. The witness could not say whether she was injured in the field or not.

The defendant asked the Court to charge the jury, that unless the cow was injured *in the field*, he would not be guilty, and that there was no evidence to go to the jury that she was injured inside the field. This instruction the Court declined to give, but told the jury that "if the dogs were set upon the cow by the defendant, as stated by the witness, to drive her from a field not surrounded by a lawful fence, and the dog bit her in the field, but did her no actual injury until he got into the road, that the defendant would be guilty, if he set the dogs upon the cow wilfully, and thus injured her after she had gotten into the road."

There was a verdict of guilty, and thereupon, a motion for a new trial was made, which was denied. The Court gave judgment against the defendant, and he appealed to this Court.

*The Attorney-General*, for the State.
No counsel for the defendant.

MERRIMON, J., (after stating the facts). We think the instructions of the Court given to the jury were proper, reasonable and just. The statute (*The Code*, §1003) violated provides, that, "If any person shall wilfully and unlawfully kill or abuse any horse, mule, hog, sheep or other cattle, the property of another, in any enclosure not surrounded by a lawful fence, such person shall be guilty of a misdemeanor, and fined or imprisoned at the discretion of the Court: *Provided*, that this section shall not apply to any county or territory where the stock law prevails." Its obvious purpose is to prohibit and prevent every person from unlawfully and

wilfully killing and abusing live stock not his own, but that of another, that may get into, and trespass upon enclosures not surrounded and protected by a lawful fence, while so trespassing. This is the mischief to be suppressed. This purpose would not be accomplished in this and like cases, if the statute should be so narrowly construed as to mean that no offence is committed, unless the abuse complained of should be consummated inside of the enclosure.

If the attack resulting in abuse and injury, is begun inside and completed just outside, then no offence is committed! So narrow an interpretation cannot be allowed, if one more in harmony with the reason and purpose of the statute can be adopted. Criminal and penal statutes, as well as others, must receive such reasonable construction as will effectuate their purpose when this appears.

The defendant's enclosure was not surrounded by a lawful fence. He was, therefore, in default, and being so, when the cow of the prosecutrix got into his field, he should have gently driven her out of it without abusing or injuring her. This he did not do, but on the contrary set his dogs at her, and they chased her through the field, and bit her legs; she ran out into the road, where the dogs still pursuing her, bit her ear badly, and the defendant took off the largest dog that was biting her on the leg, which was injured.

It was a violation of the letter of the statute to thus set three dogs upon, chase and harrass the cow inside of the enclosure, but if there could be any doubt as to this, surely to chase her through and out of the field, and just outside of the fence, let the dogs bite, worry, injure and abuse her as described by the evidence, was a violation of the reasonable and just meaning of it. Such abuse of the cow was the result of one continuous attack upon her, begun inside and completed just outside of the enclosure, and the attack was made because she got inside of the field not surrounded by

a lawful fence. The purpose of this statute is to prevent such abuse in such case, in the absence of a lawful fence.

If the cow had been driven gently from the field, and then, outside of it she had been abused, the case would be different.

There is no error. Let this opinion be certified to the Superior Court according to law. It is so ordered.

No error. Affirmed.